FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUN 29 AM 8: 46
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMAS E. COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-066 |
| | ) | |
| STATE OF GEORGIA, TOOMBS JUDICIAL CIRCUIT, JUDGE E. PURNELL DAVIS, JUDGE ROGER W. DUNAWAY, JR., JUDGE HAROLD A. HINESLEY, JOHN DOES, and JANE DOES, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se*,[1] attempting to raise claims pursuant to 42 U.S.C. §§ 1983 and 1985(3), "Title 11 [of the United States Code]," and various provisions of state law. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

---

[1] Plaintiff initially filed this case in the Middle District of Georgia. The case was transferred to this Court for venue purposes. (Doc. no. 3.)

I.  **BACKGROUND**

Plaintiff has named the following Defendants in his complaint: (1) the State of Georgia; (2) Toombs Judicial District; (3) Judge E. Purnell Davis; (4) Judge Roger W. Dunaway, Jr.; (5) Judge Harold A. Hinesley, and (6) John and Jane Does. (Doc. no. 1, p. 1.) Plaintiff's allegations relate to foreclosure and/or criminal proceedings that he claims resulted in the improper deprivation of his liberty and property. (See id. at 4-6.) According to Plaintiff, the judges named as Defendants in this case took a number of wrongful actions against him during the course of such proceedings, including, *inter alia*, entry of an illegal judgment against him, improper dismissal of his counterclaims, improper acceptance of an Alford[2] plea, threats of incarceration, and awards of attorney's fees and punitive damages. (Id.) Additionally, Plaintiff alleges that these Defendants "[g]ave away Plaintiff's real property and personal property which had been ruled his by the U.S. Bankruptcy Court" and "[h]eld hearings without jurisdiction." (Id. at 2.) Plaintiff also states that these Defendants conspired against Plaintiff with an individual identified as Louis K. Polonsky, who appears to be an attorney involved in the foreclosure proceedings, by allowing Mr. Polonsky to draft the Court's orders and file unnecessary pleadings just to obtain more attorney's fees. (See id. at 3, 6.)

Regarding the other entities named as Defendants, Plaintiff merely avers that the three judges about whom he complains work for the State of Georgia and are elected within the Toombs Judicial Circuit; thus, he requests a judgment against these entities for "failing

---

[2]See North Carolina v. Alford, 400 U.S. 25 (1970) (holding that guilty plea may be valid despite simultaneous protestation of innocence under appropriate circumstances).

2

to protect Plaintiff and others from the actions [of] these 3 judges when due diligence would have shown them they needed to investigate." (Id. at 2, 8.) Plaintiff gives no indication of the identity of the Doe Defendants and does not specify any action taken against him by such Defendants; rather, he merely states that these Defendants "will be named as discovered." (Id. at 4.)

Plaintiff requests that the Court "set aside every wrongful deed involved in this matter" and award him monetary damages. (Id. at 7.) Plaintiff also requests that a judgment be entered in his favor for "false arrest, false imprisonment and slander of reputation." (Id.)

## II. DISCUSSION

### A. Defendants Davis, Dunaway, and Hinesley Are Immune to Suit

Plaintiff's complaint fails to state a claim against Defendants Davis, Dunaway, and Hinesley because, as judges, they are entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Defendants Davis, Dunaway, and Hinesley were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell outside their subject matter jurisdiction. See id. at 359-64.

Here, Defendants Davis, Dunaway, and Hinesley were dealing with Plaintiff in a judicial capacity because their actions were of the type normally performed by judges.

Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). All of Plaintiff's allegations concern actions taken by the judges during proceedings against him in state court. Thus, their actions qualify as activity of a type usually performed by judges. Furthermore, Plaintiff's bare assertion that the judges "held hearings without jurisdiction" (see doc. no. 1, p. 2) is insufficient to thwart their judicial immunity. Because these Defendants' alleged actions relate to matters that are ordinarily within the jurisdictional purview of state courts, the Court cannot find that they "acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 356-57. Accordingly, Defendants Davis, Dunaway, and Hinesley are entitled to absolute immunity, and Plaintiff's allegations against them fail to state a claim upon which relief may be granted.[3]

### B. Failure to State a § 1983 Claim Against Remaining Defendants

Plaintiff's complaint also fails to state a § 1983 claim against the remaining Defendants, which include the State of Georgia, the Toombs Judicial Circuit, and John and Jane Does.

The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must

---

[3]Notably, Defendants Davis, Dunaway, and Hinesley are the only named Defendants against whom Plaintiff asserts allegations of conspiracy to deprive him of equal protection of the laws, in violation of 42 U.S.C. § 1985(3). Accordingly, the Court's determination that these Defendants are entitled to judicial immunity compels the conclusion that Plaintiff has failed to state a claim upon which relief may be granted under § 1985(3). Notably, even if these Defendants were not entitled to absolute immunity, Plaintiff's purported § 1985(3) claim would fail as a matter of law because he has not alleged any actions taken against him that were motivated by any racial or other class-based discriminatory animus. See Burrell v. Board of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir.1992) ("Unlike in section 1983 actions, public officials therefore will not be subject to liability under section 1985(3) unless their actions were motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" (quoting Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 628 (11th Cir. 1992))).

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). As to Plaintiff's claims against the Toombs Judicial Circuit, it is well-settled that a state court is not a "person" subject to suit under § 1983. See Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (*per curiam*); see also Rolle v. Raysor, No. 407-CV-285, 2007 U.S. Dist. LEXIS 67437, at *3 (N.D. Fla. Sept. 7, 2007) (dismissing claims against multiple judicial circuits because they were not subject to suit under § 1983); Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La. 1976) (holding that state courts are not "persons" subject to suit under § 1983), *aff'd* 537 F.2d 1141 (5th Cir. 1976).[4] Accordingly, Plaintiff's claims against the Toombs Judicial Circuit fail as a matter of law.

Additionally, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.") Eleventh Amendment immunity extends to state courts. Kaimowitz v. Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts...."). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Therefore, Plaintiff has failed to state a § 1983 claim against the State of Georgia or the Toombs Judicial Circuit, as any such claim is barred by the Eleventh Amendment.

Regarding the Doe Defendants, Plaintiff does not mention these Defendants in his complaint aside from naming them in the caption of the complaint and stating that they "will be named as discovered." (Doc. no. 1, pp. 1, 4.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a plaintiff, other than naming the defendants in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must

demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of the Doe Defendants and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants.

In sum, for these reasons, Plaintiff's complaint fails to state a § 1983 claim against the State of Georgia, the Toombs Judicial Circuit, and John and Jane Does.

### C. Failure to State a Claim Under Title 11 of the United States Code

Plaintiff attempts to state a claim for a violation of Title 11 of the United States Code, which governs bankruptcy proceedings, for "disregarding a U.S. Bankruptcy Court Order." (Doc. no. 1, p. 1.) However, Plaintiff has pled this claim in an entirely conclusory fashion and has failed to identify a specific provision of Title 11 under which he may assert a claim in a federal civil case separate from the bankruptcy proceedings to which he refers.

Federal Rule of Civil Procedure 8(a)(2) provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that this standard does not demand "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 550 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

7

Here, Plaintiff's sole allegation in support of his purported Title 11 claim is that the judges named as Defendants in this case "[g]ave away Plaintiff's real property and personal property which had been ruled his by the U.S. Bankruptcy Court." (Doc. no. 1, p. 2.) Having offered nothing more than this vague allegation, Plaintiff has failed to offer sufficient factual matter to state a claim to relief that is plausible on its face. Moreover, Plaintiff has not explained how "disregarding a U.S. Bankruptcy Court Order" may properly give rise to civil liability in a separate case in federal court – especially in light of the fact that federal bankruptcy courts are authorized, under both Title 11 and their inherent judicial power, to enforce their own orders, even after a judgment has been entered in such proceedings. See 11 U.S.C. § 105(a); In re O'Lone, 405 F. App'x 413, 414-415 (11th Cir. 2010) (*per curiam*) (discussing bankruptcy courts' authority to enforce their own orders). Indeed, Plaintiff has provided nothing more than the allegations discussed above and a general reference to the entire title of the United States Code dealing with bankruptcy proceedings. In sum, Plaintiff's complaint fails to provide a sufficient legal or factual basis to state any type of claim arising under Title 11.

### D.    State Law Claims

To the extent that Plaintiff may be attempting to assert state law claims against any non-immune Defendant, such as defamation or false imprisonment, these claims fail for lack of jurisdiction. This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a). In addition, federal district courts may exercise "diversity" jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, Plaintiff has failed to state any valid claim arising under federal law, and diversity jurisdiction under § 1332(a) is lacking because Plaintiff has not shown that he and Defendants are citizens of different states. Accordingly, having determined that the claims serving as the basis for original federal court jurisdiction should be dismissed and that there is no diversity jurisdiction, the Court concludes that any state law claims Plaintiff may be attempting to assert should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

## IV. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted against any named Defendant, that Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE