IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| THOMAS E. COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 111-066 |
| | ) |
| STATE OF GEORGIA, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11). In his original complaint, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, attempted to raise claims under 42 U.S.C. §§ 1983 and 1985(3), "Title 11 [of the United States Code]," and various provisions of state law. (See doc. no. 1.) Because he is proceeding *in forma pauperis*, Plaintiff's complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). The Magistrate Judge recommended that Plaintiff's case be dismissed, reasoning that the state judicial officers named as Defendants are entitled to absolute immunity, that Plaintiff's complaint fails to state a federal claim against the remaining Defendants, and that Plaintiff's state law claims should be dismissed for lack of jurisdiction. (See doc. no. 7.)

Contemporaneously with the filing of his objections to the R&R (doc. no. 11),[1] Plaintiff attempted to amend his complaint by filing documents in which he set forth additional allegations (doc. no. 12). The Magistrate Judge found that Plaintiff had improperly attempted to amend his pleadings in a piecemeal manner by setting forth a series of allegations intended to be read in conjunction with the original complaint. (Doc. no. 13, p. 2.) The Magistrate Judge recognized that Plaintiff, as a *pro se* litigant, should be given an opportunity to amend his complaint to state a claim and avoid dismissal. (Id.) As a result, the Magistrate Judge explained to Plaintiff why his piecemeal attempt at amending his pleadings was improper and instructed him to file a second amended complaint containing all of his allegations in a single document within 14 days. (Id.) The Magistrate Judge warned Plaintiff that failure to amend his pleadings as instructed would result in submission of the R&R to this Court for consideration without regard to the allegations set forth in his improper attempt to amend. (Id. at 3-4.) The time Plaintiff was granted to properly amend his pleadings has expired, and Plaintiff has not filed a second amended complaint or otherwise responded to the Magistrate Judge's Order.

A deficient complaint is subject to dismissal when the plaintiff fails to amend his pleadings as instructed by a court. Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995) (affirming dismissal where plaintiff was given opportunity to amend deficient complaint but failed to do so). Dismissal is particularly appropriate where, as here, a court has informed the plaintiff how his pleadings are deficient and how to amend them properly. Friedlander

---

[1] Plaintiff requested, and was granted, an extension of time in which to file objections. (Doc. nos. 9, 10.)

v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (affirming dismissal where "[t]he court not only gave [the plaintiff] the opportunity to amend, but even told [him] the deficiency in the complaint and how it could be remedied").

Here, Plaintiff's original complaint is deficient for the reasons set forth in the R&R, and Plaintiff's objections do not call into question the Magistrate Judge's conclusions. Because Plaintiff failed to amend his pleadings as instructed by the Magistrate Judge, or even to respond to the Magistrate Judge's Order instructing him to amend, dismissal is appropriate.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, Plaintiff's state law claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 4th day of November, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA